UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| INDIANA INSURANCE COMPANY,<br>    Plaintiff,<br><br>VS.<br><br>LEXINGTON INSURANCE COMPANY,<br>    Defendant.<br>    SERVE:  CSC—Lawyers Incorporating<br>                     Service Company<br>                     421 West Main Street<br>                     Frankfort, Kentucky 40601 | *Filed Electronically*<br><br><br>CASE NO. **4:10cv-58 M** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Comes the Plaintiff, Indiana Insurance Company, by counsel, and submits the following as its Complaint for Declaratory Judgment against Lexington Insurance Company:

**PARTIES, JURISDICTION, VENUE AND FACTS**

1. In accordance with Title 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, this Court has the power and authority to grant and issue judgment for declaratory relief in cases over which it has jurisdiction, where this Court deems such a declaratory judgment to be appropriate.

2. The Plaintiff, Indiana Insurance Company (hereinafter "Indiana Insurance"), is an Indiana corporation with its principal place of business in Indiana, authorized to do business, and doing business in the Commonwealth of Kentucky.

3. The Defendant, Lexington Insurance Company (hereinafter "Lexington Insurance"), is a Delaware corporation with its principal place of business in Massachusetts. Lexington Insurance's service of process agent is CSC - Lawyers Incorporating Service Company, 421 West Main Street. Frankfort, KY 40601.

4. A substantial portion of the events and/or omissions giving rise to this claim occurred within Henderson County, Kentucky, which is within the jurisdiction of the United States District Court for the Western District of Kentucky, Owensboro Division.

5. On July 19, 2006, Henderson County High School football player Ryan Owens died after football practice at the Henderson County High School.

6. Ryan Owens' parents, Randy Owens and Marla Owens, filed a wrongful death action in the Henderson Circuit Court, styled, "<u>Estate of Ryan Morgan Owens, et al. vs. Tom Duffy, Sr., et al.</u>," Civil Action No. 07-CI-00084 (hereinafter the "underlying case"), as a result of that death, naming several football coaches as defendants (hereinafter "the Coaches"), seeking damages from the coaches and others for the death of Mr. Owens.

7. Netherlands Insurance Company (hereinafter "Netherlands Insurance") provided commercial general liability insurance coverage to the Henderson County Board of Education, which provided coverage to the Coaches (hereinafter the "Netherlands Policy).

8. The applicable limits of liability insurance coverage under the Netherlands Insurance policy are $1,000,000.00.

9. The Coaches have additional commercial general liability insurance coverage through a policy issued by the Defendant, Lexington Insurance, to the National Organization of Coaches Associations Directors (hereinafter the "Lexington Policy").

10. The Lexington Policy, Policy No. 0424080, had effective dates from 8/01/04 through 8/01/06.

11. The applicable limits of liability insurance coverage under the Lexington Insurance policy are $1,000,000.00 per coach involved in the incident. The total available coverage to the Coaches in relation to the underlying case is believed to be at least $6,000,000.00.

12. The Plaintiff, Indiana Insurance Company, provided commercial umbrella insurance coverage to the Henderson County Board of Education, Policy No. CU 8040381, effective between 7/1/06 and 7/1/07 (hereinafter "the Indiana Policy").

13. The applicable limits of umbrella insurance coverage under the Indiana Policy are $5,000,000.00.

14. A dispute has arisen between Lexington Insurance and Indiana Insurance regarding which insurance company has the first priority to pay insurance benefits after the coverage under the Netherlands Policy has been exhausted.

15. The plaintiffs in the underlying case have a current demand to settle the case for $6,000,000.00.[1]

16. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

---

[1] *See* $6,000,000.00 settlement demand, attached hereto as **Exhibit 1.**

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), since the insurance policies referenced herein insure persons that reside and/or work in Henderson County, Kentucky, and the claims made on those policies arise out of acts and/or omissions that occurred in Henderson County, Kentucky, which is within the geographical area encompassed by the Owensboro Division of the United States District Court for the Western District of Kentucky.

18. An actual controversy exists as the Plaintiff alleges the Defendant has an obligation to pay the limits of the insurance coverage available under the Lexington Insurance policy before Indiana Insurance has an obligation to provide insurance coverage under its commercial umbrella policy, and the plaintiffs in the underlying case have averred that the limits of the policy issued by Netherlands Insurance policy will not be sufficient to reach a settlement..

## COUNT I

19. The Plaintiff hereby reiterates, reaffirms, and adopts by reference each and every allegation contained within the preceding paragraphs of this Complaint for Declaratory Judgment as though set forth fully herein.

20. The Lexington Policy provides coverage to Henderson County High School football coaches who were sued in the underlying case in Henderson Circuit Court.

21. Each one of the individuals insured under the Lexington Policy is entitled to $1,000,000.00 of commercial general liability coverage.

22. Lexington Policy is required to provide $1,000,000.00 of general liability insurance for each one of the Coaches that may be liable in the underlying case.

23. Netherlands Insurance Company provided primary commercial general liability coverage for this incident.

Case 4:10-cv-00058-JHM-ERG   Document 1   Filed 04/23/10   Page 5 of 7

24. The Lexington Policy contained an "excess clause" and is obligated to provide commercial general liability after the coverage provided by Netherlands Insurance Company has been exhausted.

25. The plaintiffs in the underlying case have made a settlement demand that exceeds the limits of the available insurance coverage under the Netherlands Policy.

26. Lexington Insurance is obligated to pay any amount of damages that may be awarded in the underlying case, and the obligation to pay any portion of any settlement that may be reached in the underlying case, to the extent that the damages, and/or the amount of the settlement exceeds the limits of the Netherlands Policy, up to the limits of Lexington Policy.

## **COUNT II**

27. The Plaintiff hereby reiterates, reaffirms, and adopts by reference each and every allegation contained within the preceding paragraphs of this Complaint for Declaratory Judgment as though set forth fully herein.

28. To the extent that the Coaches qualify for coverage under Indiana Insurance Company's policy, they are not entitled to coverage under the Indiana Policy until all of the commercial general liability coverage available to them under any policy or policies has been exhausted.

29. The Indiana Policy only applies to sums in excess of the "retained limit" the "insured" becomes legally obligated to pay because of "loss" arising from a "wrongful act" to which this insurance applies.

30. The "retained limit" is defined in the Indiana Policy as:

> The total amount of 'scheduled underlying insurance' or 'other underlying insurance' applicable to the injury or damage whether such insurance is collectible or not. 'Other underlying insurance' means insurance that

5

...

provides coverage for damages covered by this insurance, including any self insurance or other funding mechanism intended to pay damages covered by this insurance. 'Other underlying insurance' does not include 'scheduled underlying insurance' or insurance purchased specifically to be excess of this coverage part.

31. The Lexington Policy is "other underlying insurance."

32. Per the express terms of the Indiana Policy, Indiana Insurance has no obligation to pay any proceeds under the Indiana Policy until after the limits of all underlying insurance have been exhausted, including, but not limited to the coverage provided by the Netherlands Policy and the coverage provided by the Lexington Policy.

33. Since the Indiana Policy is an umbrella policy, as a matter of law, Indiana Insurance has no obligation to provide coverage until after all available commercial general liability coverage have been exhausted, regardless of whether or not said commercial general liability policies contain "excess clauses."

## COUNT III

34. The Plaintiff hereby reiterates, reaffirms, and adopts by reference each and every allegation contained within the preceding paragraphs of this Complaint for Declaratory Judgment as though set forth fully herein.

35. Indiana Insurance reserves the right to deny any claim(s) that have already been brought by, and/or any claim(s) which may be brought in the underlying case, if Indiana Insurance determines at any time that said claim(s) are not covered by the Indiana Policy for any reason.

WHEREFORE, for the above-stated reasons, the Plaintiff, Indiana Insurance Company, prays the Court as follows:

1. For entry of an Order declaring that Lexington Insurance Company has the obligation to pay any portion of any damages and/or settlement that

6

may be reached in the underlying case, to the extent that the damages, and/or the amount of the settlement exceeds the limits of the Netherlands Policy, up to the limits of the Lexington Policy;

2. Indiana Insurance has no obligation to pay any portion of any damages and/or settlement that may be reached in the underlying case until after the limits of any and all coverage that may apply to the claims made in the underlying case, under any available commercial general liability insurance or other underlying insurance have been exhausted, including, but not limited to the coverage provided by the Netherlands Policy and the coverage provided by the Lexington Policy.

3. For an award of its costs expended herein, including reasonable attorneys' fees (if applicable); and

4. For any and all other just and proper relief to which it may appear entitled.

Respectfully submitted,

GOLDEN & WALTERS, PLLC

_____/s/ Drew Byron Meadows_____
J. Dale Golden
Drew Byron Meadows
771 Corporate Drive, Suite 905
Lexington, Kentucky 40503
Telephone:   (859) 219-9090
Facsimile:    (859) 219-9292
Dale@goldenandwalters.com
Drew@goldenandwalters.com
COUNSEL FOR PLAINTIFF,
INDIANA INSURANCE COMPANY